[Docket No. 14]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LAFAYETTE MORGAN, JR., <br><br> Plaintiff, <br><br> v. <br><br> TODD SIMMONS, et al., <br><br> Defendants. | No. 20-9977 (RMB/KMW) <br><br><br> OPINION |

**APPEARANCES**

Lafayette Morgan, Jr.
11 Hawley Place
Willingboro, New Jersey 08046

*Pro se*

James M. McDonnell
Jackson Lewis P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, New Jersey 07922

*On behalf of Defendants*

**RENÉE MARIE BUMB, United States District Judge**

This matter comes before the Court upon the unopposed Motion to Dismiss[1]

filed by Defendants Todd Simmons and Mark Simmons. [Docket No. 14.] This

---

[1] When considering a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light

matter stems from an employment dispute. [*See* Docket No. 10.] According to the Amended Complaint, Plaintiff filed a Charge with the Equal Employment Opportunity Commission ("EEOC") on April 4, 2019. [*Id.* at 5.] The EEOC issued a notice of right to sue letter, which Plaintiff received on February 19, 2020. [*Id.*] A plaintiff must file a complaint within ninety days of his receipt of a right to sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1) (stating that, if the EEOC issues a right to sue letter, "within ninety days after the giving of such notice a civil action may be brought against the respondent named in the [EEOC] charge . . . by the person claiming to be aggrieved . . . by the alleged unlawful employment practice"). Failure to file a civil complaint within ninety days of receiving a right to sue letter is cause for dismissal, "akin to a statute of limitations." *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999); *see also Rockmore v. Harrisburg Prop. Serv.*, 501 F. App'x 161, 164 (3d Cir. 2012) (affirming dismissal of Title VII claims filed more than

---

most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). It is well-settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly*, 550 U.S. at 563 n.8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *see also Iqbal*, 556 U.S. at 684 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("*Iqbal* . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Malleus*, 641 F.3d at 563 (quoting *Twombly*, 550 U.S. at 570).

ninety days after receipt of right to sue letter). Here, Plaintiff filed his Complaint on August 3, 2020. [Docket No. 1.] That was 166 days after he received the right to sue letter. While the ninety-day deadline is subject to equitable tolling, *Seitzinger*, 165 F.3d at 240, Plaintiff has offered no basis for tolling in this matter; in fact, Plaintiff has not opposed Defendants' Motion in any way.[2] As such, according to Third Circuit precedent, Plaintiff's claims are time-barred and subject to dismissal.[3] Therefore, the Court will grant Defendants' Motion to Dismiss. An accompanying Order shall issue.


<u>October 18, 2021</u>                                    <u>s/Renée Marie Bumb</u>
Date                                                         RENÉE MARIE BUMB
                                                             United States District Judge

---

[2] The Court notes that, after Plaintiff missed the deadline to respond to Defendants' Motion, the Court ordered Plaintiff to show cause "as to why the Court should not consider Defendants' Motion unopposed." [Docket No. 19, at 1.] The Court further warned that "[f]ailure to respond [by Friday, September 24, 2021] will likely result in the granting of the relief requested in Defendants' Motion." [*Id.*] Several weeks have passed since that deadline, and Plaintiff has not filed anything. [*See* Docket.]

[3] Defendants raise numerous other arguments in support of dismissal. [*See* Docket No. 14-1.] Because the Court is granting Defendants' Motion on the grounds that Plaintiff's claims are time-barred, it will not address Defendants' other arguments.