# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

LAFAYETTE MORGAN, JR.,

    Plaintiff,

v.

TODD SIMMONS, *et al.*,

    Defendants.

No. 20-9977 (RMB/KMW)

**ORDER**

**APPEARANCES**

Lafayette Morgan, Jr.
11 Hawley Place
Willingboro, New Jersey 08046

    *Pro se Plaintiff*

James M. McDonnell
Jackson Lewis P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, New Jersey 07922

    *On behalf of Defendants*

**RENÉE MARIE BUMB, United States District Judge**

    This matter comes before the Court upon *pro se* Plaintiff Lafayette Morgan's November 11, 2021 letter, [Docket No. 22], which this Court construes as a Motion for Reconsideration, [*see* Docket No. 24]. Specifically, Plaintiff seeks reconsideration of the Court's Opinion and Order [Docket Nos. 20, 21] granting Defendants' Motion to Dismiss [Docket No. 14].

I.   BACKGROUND

In brief, this Court granted Defendants' Motion on the grounds that "Plaintiff's claims were time-barred because the Complaint was filed more than 90 days after he received a right to sue letter from the EEOC." [Docket No. 24, at 1–2.] Plaintiff then filed the letter Motion for Reconsideration on November 1, 2021, essentially "arguing that the 90-day deadline for him to file his Complaint in this matter should be equitably tolled to and through the date that he did, in fact, file the Complaint." [*See* Docket No. 22; Docket No. 24, at 4.]

As the Court noted in its previous Order, the Third Circuit has held that "[e]quitable tolling may be granted" in Title VII cases "where the plaintiff has 'in some extraordinary way . . . been prevented from asserting his or her rights.'" *Rockmore v. Harrisburg Prop. Serv.*, 501 F. App'x 161, 164 (3d Cir. 2012) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)). This Court continued in its previous Order that Plaintiff's previous filings did not show that he was "in some **extraordinary** way . . . **prevented** from asserting his . . . rights" here. *Id.* (quoting *Oshiver*, 38 F.3d at 1387) (emphasis added).

> While the time between March and August 2020 were indeed extraordinary given the COVID-19 pandemic, Plaintiff was in no way—and especially not in any extraordinary way—prevented from filing his suit during that time. The Court remained open and accessible to members of the public at all times and countless lawsuits were timely filed in that period. Therefore, it would appear that, even considering the evidence and arguments that the Court did not have the benefit of considering when it issued its earlier Opinion, Plaintiff's claims in this matter are time-barred.

[Docket No. 24, at 4.]

Nevertheless, the Court permitted Plaintiff to "supplement his letter/Motion to Reconsider by filing an affidavit under penalty of perjury containing specific details of the efforts he made to timely file this suit and the ways in which he was 'extraordinar[ily] . . . prevented' from filing his suit." [*Id.*] The Court noted that "Plaintiff shall include as many specifics as possible, including when and how he attempted to contact the Court, and with whom he spoke, if anybody, during the relevant time period." [*Id.* at 4–5.]

Plaintiff filed an affidavit on December 10, 2021.[1] [Docket No. 25.] In the affidavit, Plaintiff explains that he had difficulty filing his Complaint in a timely fashion due to a variety of reasons: finalizing a divorce, taking care of his girlfriend who suffered from cancer, having to work difficult hours at his new job, struggling to find an attorney willing to take the case, and, generally, the pandemic. [*See* Docket No. 25.] Defendant filed a letter in response on January 12, 2022. [Docket No. 28.] Plaintiff was unable to recall whom specifically he spoke with at the Court and was unable to recover his phone records from the relevant time period because his provider only keeps such records for one year. [*Id.*] He attests that he was unable to reach anybody at the Court for some time—despite the fact that the Court remained open throughout the pandemic—but that eventually he was told about the self-

---

[1] Plaintiff filed the same affidavit on December 14, 2021. [Docket No. 26.]

3

service tab on the District of New Jersey's website. [*Id.*] Once he learned about that, Plaintiff was "relentless" in filing the Complaint. [*Id.*] Nevertheless, Plaintiff did not file the Complaint until more than two months after the 90-day deadline passed. [Docket No. 20, at 2–3.]

## II.   STANDARD

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. *Bowers v. Nat'l Collegiate Athletics Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). Local Rule 7.1(i) creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision. *Agostino v. Quest Diagnostics Inc.*, No. 04-4362, 2010 U.S. Dist. LEXIS 135310, at *5 (D.N.J. Dec. 22, 2010) (first citing *Bryan v. Shah*, 351 F. Supp. 2d 295, 297 (D.N.J. 2005); and then citing *Bowers*, 130 F. Supp. 2d at 612).

The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (internal citation omitted). Reconsideration is to be granted only sparingly. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994). Such motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 515–16 (D.N.J. 1996) (internal citation omitted). Third Circuit jurisprudence dictates that a Rule

7.1(i) motion may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d. Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); *Agostino*, 2010 U.S. Dist. LEXIS 135310, at *5. "A motion for reconsideration . . . is not to repeat arguments this Court considered, but rejected. In short, Plaintiff's mere disagreement with this Court's finding is not a basis for reconsideration." *Stetser v. Jinks*, No. 10-3094 (RMB/JS), 2013 U.S. Dist. LEXIS 143578, at *1–3 (D.N.J. Oct. 3, 2013).

## III.   ANALYSIS

Here, Plaintiff has failed to meet the standard for a Motion for Reconsideration. Even considering the new evidence that Plaintiff provided in the form of his Affidavit, Plaintiff has not met the burden required to invoke equitable tolling. In spite of his difficulties, he was not "in some extraordinary way . . . prevented from asserting his . . . rights." *Rockmore*, 501 F. App'x at 164 (quoting *Oshiver*, 38 F.3d at 1387). He faced the typical challenges that many litigants face in everyday life, especially during the pandemic. Moreover, the Court remained physically open to receive filings throughout the pandemic. It would be irresponsible for this Court, despite its sympathies for Plaintiff's

difficulties, to open the floodgates by deeming such challenges so "extraordinary" to warrant equitable tolling here.

## IV. CONCLUSION

Therefore, for the reasons set for above, and for good cause shown, the Court will deny Plaintiff's Motion for Reconsideration. [Docket No. 22.] An accompanying Order shall issue.

<u>January 31, 2022</u>                                   <u>s/Renée Marie Bumb</u>
Date                                                              Renée Marie Bumb
                                                                      United States District Judge